FILED

NOV 17 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:21CR00633 AGF/PLC |
| v. ) | |
| ) | |
| AZIZA MERAJ, ) | |
| ) | |
| Defendant. ) | |

**INDICTMENT**

The Grand Jury charges that:

**The Defendant**

1. At all times relevant to this Indictment, defendant Aziza Meraj was a resident of the county of St. Louis, Missouri. Defendant Aziza Meraj was employed as an attendant at various in home health and personal care services companies in the Eastern District of Missouri, including but not limited to Absolutely The Best In-Home Service, LLC and Kamken Care Services LLC.

2. Between on or about February of 2019 and March of 2021, Defendant falsely claimed to be providing in-home personal care benefits to clients in the Eastern District of Missouri, which were funded by the Medicaid program, when Defendant in fact was in her own home, working at other jobs, or when Defendant and/or her clients were out of the country.

## Background

### The Missouri Medicaid Program

3. The Missouri Medicaid Program is a health care benefit program within the meaning of 18 U.S.C. § 24(b) that affects interstate commerce and provides low-income citizens of Missouri with medical benefits, items, and services. Funded by federal and state tax revenue, the Missouri Department of Social Services administers the Missouri Medicaid Program under federal law, with guidance from the United States Department of Health and Human Services.

4. Under certain circumstances, the Missouri Medicaid program provides reimbursement for personal care services delivered to beneficiaries in the home setting. Personal care services include meals, the cleaning and grooming of the beneficiary, medication management, and other services. The goal of personal care services is to enable the beneficiary to remain in the home setting with outpatient treatment instead of long term inpatient stays in hospitals and nursing homes.

5. All Medicaid providers, including personal care providers, must retain fiscal and medical records that fully document services billed to Medicaid for five years from the date of service, and must furnish or make the records available for inspection or audit by the Missouri Medicaid Program or its representative upon request. Failure to furnish, reveal, or retain adequate documentation for services billed to the Medicaid Program may result in recovery of the payments for those services not adequately documented and may result in sanctions to the provider's participation in the Medicaid Program.

6. For personal care services, the records required by the program include log sheets containing the name of the personal care attendant, the name of the beneficiary, the dates of service delivery, the time spent with the beneficiary, the daily care activities performed on each date, and the beneficiary's signature for each visit. Typically, Missouri Medicaid uses the amount of hours spent providing personal care services when calculating the amount of reimbursement to provide, making the accuracy of the records regarding which personal care services were performed over what time frame material to the program.

## Counts 1-5

7. Paragraphs 1 through 6 are incorporated by reference, as if fully set forth herein.

8. On or about the dates indicated below, in St. Louis, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere, the defendant,

**AZIZA MERAJ,**

knowingly and willfully made and used materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services involving the Missouri Medicaid program, a health care benefit program as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1035, in that the defendant falsely stated and represented in log sheets that she had provided personal care services on or about certain dates for certain time frames in the home setting, when the defendant then and there well knew said statements and representations were false, fictitious, and fraudulent.

| COUNT | DATE OF OFFENSE | PERSONAL CARE ATTENDANT | INITIALS OF CLIENT | ACTUAL LOCATION OF ATTENDANT/ CLIENT |
|---|---|---|---|---|
| 1 | 6/21/2019 | Defendant Aziza Meraj | P.S. | P.S. in New Delhi, India |
| 2 | 11/30/2019 | Defendant Aziza Meraj | H.P. | Defendant Aziza Meraj in New Delhi, India |
| 3 | 12/8/2019 | Defendant Aziza Meraj | H.P. | Defendant Aziza Meraj in New Delhi, India |
| 4 | 12/20/2019 | Defendant Aziza Meraj | P.S. | Defendant Aziza Meraj in New Delhi, India |
| 5 | 12/27/2019 | Defendant Aziza Meraj | P.S. | Defendant Aziza Meraj in New Delhi, India |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(7), upon conviction of an offense in violation of Title 18, United States Code, Section 1035 as set forth in Counts 1-5, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of said offense(s).

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense(s).

3. If any of the property described above, as a result of any act or omission

4

of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                      A TRUE BILL.

                      _____

                      FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
MEREDITH L. REITER, #6325095(IL)
Assistant United States Attorney